HAWAIIAN AIRLINES, Appellant

v.

AMERICAN SAMOA GOVERNMENT
ex rel. AFAESE UIKIRIFI, Appellee

HAWAIIAN AIRLINES, Appellant

v.

AMERICAN SAMOA GOVERNMENT
ex rel. GEORGE NERU, Appellee

High Court of American Samoa
Appellate Division

AP No. 5-89
AP No. 6-89

October 10, 1989

Before CANBY,[*] Acting Associate Justice, THOMPSON,[**] Acting Associate Justice, OLO, Associate Judge, and VAIVAO, Associate Judge.

Counsel: For Appellant, Charles V. Ala'ilima
For Appellee, Tauivi Tuinei, Assistant Attorney General

Per Thompson, J.:

*Facts*

*The Uikirifi Case*

Appellee Uikirifi made two trips on Hawaiian Airlines from Honolulu to Pago Pago, one on August 7, 1987, and another on

---

[*] Honorable William C. Canby, Jr., Judge, United States Court of Appeals for the Ninth Circuit, serving by designation of the Secretary of the Interior.

[**] Honorable David R. Thompson, Judge, United States Court of Appeals for the Ninth Circuit, serving by designation of the Secretary of the Interior.

September 17, 1989. On the August 7th trip the airline lost two of Uikirifi's bags containing clothing which he valued at $1,926.64. On the September 17th trip the airline lost nine pieces of luggage containing clothing and "fine mats" valued by Uikirifi at $5,055.24. In a trial de novo in the Trial Division, the trial court rendered judgment in favor of Uikirifi but limited his recovery to $1,250.00 for each of the two trips, a total of $2,500.00, plus $129.00 which Uikirifi had paid in excess baggage charges. [*ASG ex rel Afaese Uikirifi v. Hawaiian Airlines, Inc.*, 10 A.S.R.2d 31 (1989).]

### The Neru Case

Appellee Neru made one trip on Hawaiian Airlines on February 8, 1987. The airline lost two of Neru's bags. The lost bags contained auto parts which Neru valued at $2,286.70. In a trial de novo in the Trial Division, the trial court awarded Neru the full amount of his claim, $2,286.70. [*Id.*]

### The Appeal

Hawaiian Airlines appeals. Uikirifi and Neru do not. Hawaiian argues that by its Contract of Carriage, incorporated by reference into the airline tickets which Uikirifi and Neru bought, Hawaiian is exempt from any liability for the lost baggage claims asserted against it. Hawaiian contends that its Contract of Carriage exclusion applies, because Uikirifi's clothing and fine mats and Neru's auto parts were the kind of baggage described in Hawaiian's Contract of Carriage Rule 26(B)(2), for which Hawaiian has no liability in the event of loss or damage. Alternatively, Hawaiian argues its liability for the lost baggage is limited to $1,250.00 per passenger per trip, and the trial court should have limited Neru's recovery to this amount.

### Discussion

Hawaiian's Contract of Carriage Rule 26(B)(2) provides in pertinent part:

> HA [Hawaiian Airlines] assumes *no liability* for irreplaceable articles and/or valuable items; . . . religious or ceremonial mats and artifacts; . . . samples and goods for resale; . . . included in a passenger's baggage with or without knowledge of HA. [emphasis added].

7

This section differs from subsection (B)(1) immediately preceding it in the Contract of Carriage. Subsection (B)(1) begins with a modifying introductory clause: "When HA has exercised the ordinary standard of care it shall not be liable for . . ." damage to perishable or fragile articles under certain circumstances. Thus, while subsection (B)(1) purports to absolve Hawaiian from liability only when it has *not* been negligent, subsection (B)(2) purports to absolve Hawaiian from all liability in any case in which a passenger's baggage is lost, if the baggage is of a type described in the subsection.

Hawaiian's Rule 26(B)(2), at least insofar as Hawaiian seeks to apply it to the kind of baggage Uikirifi and Neru shipped, is contrary to public policy and void; the rule attempts to exonerate Hawaiian Airlines from all liability due to its own negligence for the loss of or damage to baggage it carries on the airline. *See Klicker v. Northwest Airlines, Inc.*, 563 F.2d 1310, 1313-14 (9th Cir. 1977). Hawaiian argues that it has no way, short of disruptive and time consuming searches of passengers' baggage, to know what its passengers are shipping, and therefore it should be liable only for the loss of or damage to the kind of baggage a passenger typically takes along for his own personal use and comfort.

Hawaiian suggests that there are, at minimum, two categories of baggage which come into play in the cases now before us: "passenger baggage" which it defines as that taken for personal use and comfort, and "unusual or valuable items of inventory"; it argues that while it might be appropriate to impute to it knowledge, and hence its acceptance for carriage, of personal property within its definition of "passenger baggage," it should not be forced to assume liability, even in a limited amount, for its carriage of other classes of baggage. It argues that Uikirifi's and Neru's lost baggage fits into the category of "unusual or valuable items of inventory," and as a result Hawaiian is contractually exonerated from all liability for the loss of this baggage. We disagree.

First, Hawaiian's argument overlooks 14 C.F.R. § 254.4 (1984). This section provides in pertinent part that:

> [A]n air carrier shall not limit its liability for provable direct or consequential damage resulting from the disappearance of, damage to, or delay in delivery of a passenger's *personal property, including baggage*, in its custody to an amount less than $1250 for each passenger.

8

*Id.* (emphasis added). A reasonable reading of this section would be that Hawaiian may not limit its liability down to zero. The section expressly applies to "personal property, including baggage." It does not limit its application only to "baggage." Since the claims made by Uikirifi and Neru were for personal property which was contained in the bags which they shipped with Hawaiian, Hawaiian should not be able to limit its liability to less than the $1,250.00 prescribed by 14 C.F.R. § 254.4.

Second, and of equal if not greater significance, the lost baggage in the present cases does not involve fragile or perishable items, nor does it involve personal property such as live animals, jewelry, or inherently dangerous items or items having a unique value which an airline may be permitted to reject from carriage altogether, or for which it may require an increased payment, or for which it may demand a release or other condition before agreeing to carry the goods. We deal here only with auto parts, clothing, and "fine mats." Insofar as the "fine mats" are concerned, the shipment was for 270 mats which Uikirifi valued at a total of $2,700.00, or the rather modest amount of $10.00 per mat. As to the clothing, there is nothing unusual about baggage containing clothing, and as to the auto parts, it certainly cannot be said they represented items of any unique nature or special value.

We conclude that Hawaiian Airlines may not absolve itself from all liability for the loss of the Uikirifi and Neru baggage. We turn now to a consideration of the question whether Hawaiian Airlines effectively limited its liability to $1,250.00 for Neru's lost baggage.[1]

In Neru's case, the trial court concluded that Hawaiian Airlines' notice of the limitation of its liability for lost baggage contained in the ticket Neru bought was ineffective because, although the notice was sufficiently "conspicuous," the language of the notice was deficient. It also concluded that, while the language of the notice of Hawaiian Airlines' liability limitation which appeared in the jacket into which the ticket was placed was adequate, this notice in the jacket was not sufficiently "conspicuous" because the notice was hidden from view by an inside jacket flap. Because we conclude that the notice in the ticket was itself sufficient to impart notice of Hawaiian Airlines' limitation of

---

[1] Uikirifi does not appeal the trial court's limitation of his recovery to $1,250.00 per trip plus the excess baggage charges. Hawaiian Airlines' alternative argument by which it seeks to limit its liability to $1,250.00 applies only to Neru's case.

liability for lost baggage, we do not consider the sufficiency of the notice in the jacket, either as to language or conspicuousness.[2]

The notice of limitation of liability for lost or damaged baggage set forth in the ticket Neru bought from Hawaiian Airlines provided in pertinent part:

> NOTICE OF BAGGAGE LIABILITY LIMITATIONS
> Liability for loss, delay, or damage to baggage is limited as follows unless a higher value is declared in advance and additional charges are paid: . . . (2) For travel wholly between U.S. points, to $1,250 per passenger on most carriers (a few have lower limits). Excess valuation may not be declared on certain types of valuable articles. Carriers assume no liability for fragile or perishable articles. Further information may be obtained from the carrier.

In *Diero v. American Airlines, Inc.*, 816 F.2d 1360, 1365 (9th Cir. 1987), this same language was determined to be "conspicuous and understandable, especially the notice in relatively large type under the heading 'NOTICE OF BAGGAGE LIABILITY LIMITATIONS.'" *Id.* In the present case, the trial court viewed this language as inadequate because it deviated from the language of 14 C.F.R. § 254.5(b), and in so doing the language did not provide adequate notice of Hawaiian's particular limitation of liability.

Section 254.5(b) sets forth language which, if used by an airline, will be sufficient to limit its liability for lost baggage. The language reads: "Federal rules require any limit on an airline's baggage liability to be at least $1250 per passenger." 14 C.F.R. § 254.5(b) (1984). But this is not the only language which will suffice. Section 254.5(a) permits an airline to use alternative language consisting of "Notice of any monetary limitation on its baggage liability to passengers." 14 C.F.R. § 254.5(a) (1984).

Given the substantial similarity between the language on the Hawaiian Airlines ticket and the statutory language of 14 C.F.R. §

---

[2] The trial court determined that the notice of limitation of liability in the ticket was sufficiently "conspicuous"; it found fault only with the wording of the notice. No party has raised the "conspicuousness" issue on appeal as it applies to the ticket, and we therefore do not consider it.

254.5(b), bearing in mind that alternative language is permissible (*see* 14 C.F.R. § 254.5(a) (1984)), and considering the decision in the *Diero* case by which language identical to the language contained in Neru's ticket was found to be "understandable and conspicuous," we conclude that the language of the notice of limitation of liability on the Hawaiian Airlines ticket which Neru bought was sufficient to impart notice of Hawaiian Airlines' limitation of liability.[3]

*Conclusion*

The judgment in favor of Uikirifi for $2,500.00 plus excess baggage charges of $129.00 is AFFIRMED. The judgment in favor of Neru for $2,286.70 is reduced to $1,250.00.

---

[3] The trial court found that the ticket was sufficient to incorporate by reference Hawaiian Airlines' Contract of Carriage, which contains its rules for the shipment of baggage and other property and which limits its liability to $1,250.00 for lost or damaged baggage. No party challenges the district court's resolution of the "incorporated by reference" issue, and we do not consider it in this appeal.